# EXHIBIT A

EXT-GAMEZ SALAS-00001

## DECLARATION OF AMY LINDSAY

I, Amy Lindsay, declare and say as follows:

1. I am an Attorney Adviser in the Office of the Legal Adviser for the Department of State, Washington, D.C.  This office has responsibility for extradition requests, and I am charged with the extradition case of Rafael Enrique GÁMEZ SALAS.  I make the following statements based upon my personal knowledge and upon information made available to me in the performance of my official duties.

2. The relevant and applicable treaty provisions in full force and effect between the United States of America and the Republic of Chile which apply to this case are found in the Extradition Treaty between the Government of the United States and the Government of the Republic of Chile, signed on June 5, 2013 (the "Treaty"), and entered into force December 14, 2016.  A copy of the Treaty is attached to this declaration.

3. Pursuant to the provisions of the Treaty, the Embassy of the Republic of Chile submitted Diplomatic Note No. 049, dated May 4, 2026, formally requesting the extradition of Rafael Enrique GÁMEZ SALAS.  A copy of the diplomatic note is attached to this declaration.

4. The Government of the United States of America provides legal representation in the United States courts for the Republic of Chile in its extradition requests, and Chile provides legal representation in its courts for extradition requests made by the United States.

5. The offenses for which extradition is sought are covered by Article 2 of the Treaty.

6. In accordance with Article 10 of the Treaty, documents that bear the certificate or seal of the Ministry or Department responsible for foreign affairs of the Requesting State are admissible

EXT-GAMEZ-SALAS-00002

-2-

in extradition proceedings without further certification, authentication, or other legalization. Therefore, such documents satisfy the authentication requirements without the need for certification by the U.S. Embassy in Santiago. Chile, in submitting documents in the instant case bearing the certificate or seal of the Ministry of Foreign Affairs, has complied with the Treaty with respect to authentication.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed in Washington, DC, June 1, 2026.

Amy Lindsay

Attachments:
1. Copy of Treaty
2. Copy of Diplomatic Note

EXT-GAMEZ-SALAS-00003

TREATIES AND OTHER INTERNATIONAL ACTS SERIES 16-1214

## LAW ENFORCEMENT

### Extradition

**Treaty Between the**
**UNITED STATES OF AMERICA**
**and CHILE**

Signed at Washington June 5, 2013



EXT-GAMEZ-SOLAS-00004

NOTE BY THE DEPARTMENT OF STATE

Pursuant to Public Law 89—497, approved July 8, 1966
(80 Stat. 271; 1 U.S.C. 113)—

". . .the Treaties and Other International Acts Series issued
under the authority of the Secretary of State shall be competent
evidence . . . of the treaties, international agreements other than
treaties, and proclamations by the President of such treaties and
international agreements other than treaties, as the case may be,
therein contained, in all the courts of law and equity and of maritime
jurisdiction, and in all the tribunals and public offices of the
United States, and of the several States, without any further proof
or authentication thereof."

EXT-GAMEZ-SADAS-00005

# CHILE

## Law Enforcement:  Extradition

*Treaty signed at Washington June 5, 2013;*
*Transmitted by the President of the United States of America*
*to the Senate September 17, 2014 (Treaty Doc. 113-6,*
*113th Congress, 2d Session);*
*Reported favorably by the Senate Committee on Foreign Relations*
*June 23, 2016 (Senate Executive Report No. 114-10,*
*114th Congress, 2d Session);*
*Advice and consent to ratification by the Senate*
*July 14, 2016;*
*Ratified by the President September 22, 2016;*
*Instruments of ratification exchanged at Santiago, Chile*
*December 14, 2016;*
*Entered into force December 14, 2016.*

EXT-GAMEZ-SALAS-00006

EXTRADITION TREATY BETWEEN

THE GOVERNMENT OF THE UNITED STATES OF AMERICA

AND

THE GOVERNMENT OF THE REPUBLIC OF CHILE

EXT-GAMEZ-SALAS-00006

EXT-GAMEZ-SALAS-00007

## TABLE OF CONTENTS

Preamble

| | |
|---|---|
| Article 1 | Obligation to Extradite |
| Article 2 | Extraditable Offenses |
| Article 3 | Nationality |
| Article 4 | Political and Military Offenses |
| Article 5 | Prior Prosecution |
| Article 6 | Punishment |
| Article 7 | Lapse of Time |
| Article 8 | Extradition Procedures and Required Documents |
| Article 9 | Translation |
| Article 10 | Admissibility of Documents |
| Article 11 | Provisional Arrest |
| Article 12 | Decision and Surrender |
| Article 13 | Deferred and Temporary Surrender |
| Article 14 | Requests for Extradition Made by Several States |
| Article 15 | Seizure and Surrender of Items |
| Article 16 | Rule of Specialty |
| Article 17 | Simplified Extradition and Waiver of Extradition Proceedings |
| Article 18 | Transit |
| Article 19 | Representation and Expenses |
| Article 20 | Consultation |
| Article 21 | Application |
| Article 22 | Ratification and Entry into Force |
| Article 23 | Termination |

EXT-GAMEZ-SABAS-00008

The Government of the United States of America and the Government of the Republic of Chile, hereinafter referred to as "the Parties,"

Recalling the Treaty between the United States of America and the Republic of Chile providing for the extradition of fugitives from justice, signed at Santiago on April 17, 1900,

Noting that both the Government of the United States of America and the Government of the Republic of Chile currently apply the terms of that Treaty, and

Desiring to provide for more effective cooperation between the two States in the fight against crime, and, for that purpose, to conclude a new treaty for the extradition of offenders,

Have agreed as follows:

Article 1
Obligation to Extradite

The Parties agree to extradite to each other, pursuant to the provisions of this Treaty, persons sought by the authorities in the Requesting State for prosecution or for imposition or service of a sentence for an extraditable offense.

Article 2
Extraditable Offenses

1.    An offense shall be an extraditable offense if it is punishable under the laws in both States by deprivation of liberty for a maximum period of more than one year or by a more severe penalty.

2.    An offense shall also be an extraditable offense if it:

(a)    consists of an attempt or a conspiracy to commit, or participation in the commission of, any offense described in paragraph 1 at whatever stage and regardless of the degree of involvement; and

EXT-GAMEZ-SALAS-00009

(b)    is punishable under the laws of both States by deprivation of liberty for a maximum period of more than one year or by a more severe penalty.

3.    For purposes of this Article, an offense shall be an extraditable offense:

(a)    whether or not the laws in the Requesting and Requested States place the acts or omissions constituting the offense within the same category of offenses or describe the offense by the same terminology; or

(b)    whether or not the offense is one for which United States federal law requires the showing of certain matters merely for the purpose of establishing jurisdiction in a United States federal court, including but not limited to interstate transportation, or use of the mails or of other facilities affecting interstate or foreign commerce.

(c)    for offenses involving fraud or evasion of obligations with respect to taxes, customs duties, or controls on the import or export of commodities or currency, whether or not the laws of the Requesting and Requested States provide for the same sort of taxes or duties or for controls on the same sorts of commodities or on the same amounts of currency.

4.    In accordance with the provisions of this Treaty, extradition shall be granted when the offense for which extradition is requested has been committed in whole or in part in the territory of the Requesting State. Where the offense has been committed outside the territory of the Requesting State, extradition shall be granted where the law of the Requested State provides for the punishment of an offense committed outside its territory under similar circumstances, including where such jurisdiction is authorized by a multilateral international agreement to which the latter is a party. Where the law of the Requested State does not so provide, the Requested State may, in its discretion, grant extradition, giving special consideration to the effects or intended effects of the offense on the Requesting State.

5.    If extradition has been granted for an offense specified in paragraphs 1 or 2, it shall also be granted for any other offense specified in the request even if the latter offense is punishable by a maximum of one year's deprivation of liberty or less, provided that all other requirements for extradition are met.

EXT-GAMEZ-SALAS-00010

6.    When the request for extradition refers to a person sought for service of a sentence of imprisonment, the competent authority of the Requested State, which for the United States shall be the Executive Authority, may deny extradition if, at the time of the request, the remainder of the sentence to be served is less than six months.

### Article 3
### Nationality

Extradition and surrender shall not be refused on the ground that the person sought is a national of the Requested State.

### Article 4
### Political and Military Offenses

1.    Extradition shall not be granted if the offense for which extradition is requested is a political offense.

2.    For the purposes of this Treaty, the following offenses shall not be considered political offenses:

(a)    an offense for which both the Requesting and Requested States have the obligation pursuant to a multilateral international agreement to extradite the person sought or to submit the case to their competent authorities for decision as to prosecution;

(b)    murder, manslaughter, malicious wounding, inflicting grievous bodily harm, assault with intent to cause serious physical injury, and serious sexual assault;

(c)    an offense involving kidnapping, abduction, or any form of unlawful detention, including the taking of a hostage;

(d)    an offense involving placing, using, threatening the use of, or possessing an explosive, incendiary or destructive device, or a biological, chemical or

EXT-GAMEZ-SALAS-00011

radiological agent, where such device or agent is capable of endangering life, or causing substantial bodily harm, or of causing substantial property damage; and

(e)     a conspiracy or attempt to commit, or participation in, any of the foregoing offenses, at whatever the stage and regardless of the degree of involvement.

3.     Notwithstanding the terms of paragraph 2 of this Article, extradition shall not be granted if the competent authority of the Requested State, which for the United States shall be the Executive Authority, determines that the request was politically motivated.

4.     The competent authority of the Requested State, which for the United States shall be the Executive Authority, may refuse extradition for offenses under military law that are not offenses under ordinary criminal law.

Article 5
Prior Prosecution

1.     Extradition shall be denied when the person sought has been convicted or acquitted in the Requested State for the offense for which extradition is requested.

2.     Without prejudice to the laws of the Requested State regarding double jeopardy, a person shall not be considered to have been convicted or acquitted where the competent authorities of the Requested State:

(a)     have decided not to prosecute the person sought for the acts for which extradition is requested;

(b)     have decided to discontinue any criminal proceedings which have been instituted against the person sought for those acts; or

(c)     are still investigating or otherwise proceeding against the person sought for the same acts for which extradition is sought.

EXT-GAMEZ-SALAS-00012

Article 6
Punishment

1.    Where the offense for which extradition is sought is punishable by death under the laws in the Requesting State and not punishable by death under the laws in the Requested State, the Requested State may grant extradition on the condition that the death penalty shall not be imposed on the person sought, or if for procedural reasons such condition cannot be complied with by the Requesting State, on condition that the death penalty if imposed shall not be carried out. If the Requesting State accepts extradition subject to conditions pursuant to this Article, it shall comply with the conditions. If the Requesting State does not accept the conditions, the request for extradition may be denied.

2.    Except in instances in which the death penalty applies, extradition shall not be refused, or conditions imposed, on the basis that the penalty for the offense is greater in the Requesting State than in the Requested State.

Article 7
Lapse of Time

With respect to laws regarding lapse of time, only the laws of the Requesting State shall be considered for purposes of deciding whether or not to grant extradition. In this regard, the Requesting State shall certify that neither the offense nor execution of the penalty relating to the offense(s) for which extradition is sought is barred by its laws regarding lapse of time, and such certification shall be binding on the Requested State.

Article 8
Extradition Procedures and Required Documents

1.    All requests for extradition shall be submitted through the diplomatic channel.

2.    All requests shall be supported by:

EXT-GAMEZ-CASAS-00013

(a)     documents, statements, or other types of information which describe the identity, nationality, and probable location of the person sought;

(b)     information describing the facts of the offense or offenses and the procedural history of the case;

(c)     the text of the law or laws describing the offense or offenses for which extradition is requested and the applicable penalty or penalties;

(d)     the certification required by Article 7; and

(e)     the documents, statements, or other types of information specified in either paragraph 3 or paragraph 4 of this Article, as applicable.

3.     In addition to the requirements in paragraph 2 of this Article, a request for extradition of a person who is sought for prosecution shall also be supported by:

(a)     a copy of the warrant of arrest issued by a judge or other competent authority;

(b)     a document setting forth the charges against the person sought; and

(c)     such information as would provide a reasonable basis to believe that the person sought committed the offense or offenses for which extradition is requested.

4.     In addition to the requirements in paragraph 2 of this Article, a request for extradition relating to a person who is sought for imposition or service of a sentence shall also be supported by:

(a)     a copy of the judgment of conviction, or, if a copy is not available, a statement by a judicial or other competent authority that the person has been convicted or found guilty;

(b)     information establishing that the person sought is the person to whom the finding of guilt refers; and

EXT-GAMEZ-SALAS-00014

(c)    if the person has been sentenced, a copy of the sentence imposed, or if a copy is not available, a statement by a competent authority stating what sentence was imposed, as well as a statement establishing to what extent the sentence has been carried out.

5.    If the Requested State requires additional information to enable it to decide on the request for extradition, the Requesting State may provide such information within the period specified by the Requested State.  If special circumstances prevent the Requesting State from complying within the specified period, the Requesting State may request that the Requested State extend this period.

### Article 9
### Translation

All documents submitted under this Treaty by the Requesting State shall be accompanied by a translation into the language of the Requested State, unless otherwise agreed.

### Article 10
### Admissibility of Documents

1.    The documents, statements, and other types of information that accompany an extradition request shall be received and admitted as evidence in extradition proceedings if:

(a)    they bear the certificate or seal of the Department of Justice, or Ministry or Department responsible for foreign affairs, of the Requesting State; or

(b)    they are certified or authenticated in any other manner consistent with the laws in the Requested State.

2.    Documents certified or authenticated pursuant to this Article shall not require further certification, authentication, or other legalization.

EXT-GAMEZ-SALAS-00014

EXT-GAMEZ-SALAS-00015

Article 11
Provisional Arrest

1.      In case of urgency, the Requesting State may request the provisional arrest of the person sought pending presentation of the extradition request and supporting documents. A request for provisional arrest may be transmitted through the diplomatic channel or directly between the United States Department of Justice and the Chilean Ministry of Foreign Affairs. The request may also be transmitted by any other means that may be agreed upon by the Parties.

2.      The application for provisional arrest shall contain:

(a)      a description of the person sought and such other information as may be useful in identifying the person;

(b)      the location of the person sought, if known;

(c)      a brief statement of the facts of the case, including, if possible, the time and location of the offense;

(d)      a reference to the law(s) violated;

(e)      information concerning the warrant of arrest; and

(f)      a statement that the extradition request and supporting documents will follow within the time specified by this Treaty.

3.      The Requesting State shall be notified without delay of the date of the provisional arrest or the reasons for any inability to proceed with the request.

4.      A person who is provisionally arrested may be discharged from custody upon the expiration of sixty (60) calendar days from the date of provisional arrest pursuant to this Treaty if the executive authority of the Requested State has not received the extradition request and supporting documents required in Article 8.

EXT-GAMEZ-SALAS-00016

5.     The fact that the person sought has been discharged from custody pursuant to paragraph 4 of this Article shall not prejudice the subsequent re-arrest and extradition of that person if the extradition request and supporting documents are received at a later date.

## Article 12
### Decision and Surrender

1.     The Requested State shall promptly notify the Requesting State through the diplomatic channel and otherwise as appropriate of its decision on the request for extradition.

2.     If the request is denied in whole or in part, the Requested State shall provide an explanation of the reasons for the denial. The Requested State shall provide copies of pertinent judicial decisions upon request.

3.     If the request for extradition is granted, the authorities of the Requesting and Requested States shall agree on the time and place for the surrender of the person sought.

4.     If the person sought is not removed from the territory of the Requested State within sixty (60) calendar days from the time of the notification described in paragraph 1 of this Article or within the time prescribed by the law of that State, whichever is longer, the person sought may be discharged from custody, and the Requested State, in its discretion, may subsequently refuse extradition for the same offense.

## Article 13
### Deferred and Temporary Surrender

1.     When the extradition proceedings have been concluded and extradition has been authorized, but the person sought is being proceeded against or is serving a sentence in the Requested State, that State may:

(a)     defer the surrender of the person sought until the proceedings have been concluded or until the sentence has been served; or

EXT-GAMEZ-SALAS-00017

(b)    temporarily surrender the person to the Requesting State for the purpose of prosecution.

2.    In the case of deferred surrender, the person may be kept in custody until surrendered.

3.    A person temporarily surrendered shall be kept in custody in the Requesting State and shall be returned to the Requested State after the conclusion of the proceedings against that person, in accordance with any conditions that may be agreed to by the Parties. The return of the person to the Requested State shall not require any further extradition request or proceedings.

Article 14
Requests for Extradition Made by Several States

If the Requested State receives requests from the Requesting State and from any other State or States for the extradition of the same person, either for the same offense or for different offenses, the competent authority of the Requested State, which for the United States shall be the Executive Authority, shall determine to which State, if any, it will surrender the person. In making its decision, the Requested State shall consider all relevant factors, including but not limited to:

(a)    whether the requests were made pursuant to a treaty;

(b)    the place where each of the offenses was committed;

(c)    the respective interests of the Requesting States;

(d)    the gravity of the offenses;

(e)    the nationality of the victim;

(f)    the possibility of any subsequent extradition between the Requesting States; and

(g)    the chronological order in which the requests were received from the Requesting States.

EXT-GAMEZ-ZADAS-00018

## Article 15
### Seizure and Surrender of Items

1.   To the extent permitted under its law, the Requested State may seize and surrender to the Requesting State all items that are connected with the offense for which extradition is sought or that may be required as evidence in the Requesting State. The items mentioned in this Article may be surrendered even when the extradition cannot be effected due to the death, disappearance, or escape of the person sought.

2.   The Requested State may condition the surrender of the items upon satisfactory assurances from the Requesting State that the property will be returned to the Requested State as soon as practicable. The Requested State may also defer the surrender of such items if they are needed as evidence in the Requested State.

3.   The rights of third parties in such items shall be duly respected in accordance with the laws of the Requested State.

## Article 16
### Rule of Specialty

1.   A person extradited under this Treaty may not be detained, tried, or punished in the Requesting State except for:

(a)   any offense for which extradition was granted, or a differently denominated offense, provided that such offense is based on the same facts, carries the same or lesser penalty, and is extraditable or is a lesser included offense;

(b)   any offense committed after the extradition of the person; or

(c)   any offense for which the competent authority of the Requested State, which for the United States shall be the Executive Authority, consents to the person's detention, trial, or punishment. For the purpose of this subparagraph:

EXT-GAMEZ-SALAS-00019

(i)    the Requested State may require the submission of the documentation specified in Article 8; and

(ii)    the person extradited may be detained by the Requesting State for 90 days, or for such longer period of time as the Requested State may authorize, while the request is being processed.

2.    A person extradited under this Treaty may not be the subject of onward extradition or surrender for any offense committed prior to extradition unless the Requested State consents.

3.    Paragraphs 1 and 2 of this Article shall not prevent the detention, trial, or punishment of an extradited person, or the onward extradition or surrender of that person, if that person:

(a)    leaves the territory of the Requesting State after extradition and voluntarily returns to it; or

(b)    does not leave the territory of the Requesting State within thirty (30) days of the day on which that person is free to leave.


Article 17
Simplified Extradition and Waiver of Extradition Proceedings

The Requested State may expedite the transfer of the person sought to the Requesting State:

(a)    when the person sought consents to extradition or to a simplified extradition proceeding; or

(b)    when the person sought, fully informed of his rights, waives extradition before a judicial authority, who may direct the transfer of the person to the Requesting State without further proceedings. In the case of a waiver under this subsection, the provisions of Article 16 do not apply.

EXT-GAMEZSALAS-00020

Article 18
Transit

1.    Either Party may authorize transportation of a person being extradited or otherwise transferred through its territory to the other Party by a third State or from the other Party to a third State for purposes of prosecution or imposition or service of a sentence. A request for transit may be transmitted through the facilities of the International Criminal Police Organization (Interpol) or directly between the United States Department of Justice and the Chilean Ministry of Foreign Affairs. The request for transit shall contain a description of the person being transported and a brief statement of the facts of the case. A person in transit may be detained in custody during the period of transit.

2.    Authorization is not required when air transportation is used by one Party and no landing is scheduled on the territory of the other Party. If an unscheduled landing does occur, the Party in whose territory the unscheduled landing occurs may require a request for transit pursuant to paragraph 1, and it may detain in custody the person being transported until the request for transit is received and the transit is effected, as long as the request is received within 96 hours of the unscheduled landing.


Article 19
Representation and Expenses

1.    The Requested State shall advise, assist, appear in court on behalf of, and shall represent the interests of the Requesting State, in any proceedings arising out of a request for extradition.

2.    The Requesting State shall pay all the expenses related to the translation of extradition documents and the transportation to that State of the person surrendered. The Requested State shall pay all other expenses incurred in that State in connection with the extradition proceedings.

3.    Neither Party shall make any pecuniary claim against the other Party arising out of the arrest, detention, examination, or surrender of persons under this Treaty.

EXT-GAMEZSALAS-00021

## Article 20
## Consultation

The United States Department of Justice and the Chilean Office of the Public Prosecutor may consult with each other directly in connection with individual cases and in furtherance of efficient implementation of this Treaty.

## Article 21
## Application

This Treaty shall only apply to offenses committed after its entry into force.

## Article 22
## Ratification and Entry into Force

1.   This Treaty shall be subject to ratification. The instruments of ratification shall be exchanged as soon as possible.

2.   This Treaty shall enter into force upon the exchange of the instruments of ratification.

3.   Upon the entry into force of this Treaty, this Treaty shall supersede the Treaty between the United States of America and the Republic of Chile providing for the extradition of fugitives from justice, signed at Santiago on April 17, 1900 (the "prior Treaty") with respect to all requests involving offenses committed on or after the date of this Treaty's entry into force. The prior Treaty shall apply to all requests relating to offenses committed prior to the entry into force of this Treaty.

## Article 23
## Termination

Either Party may terminate this Treaty at any time by giving written notice to the other Party through the diplomatic channel, and the termination shall be effective six months after the date of such notice. Nevertheless, extradition

EXT-GAMEZ-SALAS-00022

requests presented to the Requested State before the termination becomes effective shall continue to be governed by the provisions of this Treaty until the final resolution of the extradition request.


IN WITNESS WHEREOF, the undersigned, being duly authorized by their respective Governments, have signed this Treaty.

DONE at Washington___, in duplicate, this ___5th day of June , 2013, in the English and Spanish languages, both texts being equally authentic.



FOR THE GOVERNMENT OF                    FOR THE GOVERNMENT OF
THE UNITED STATES OF AMERICA:            THE REPUBLIC OF CHILE:

EXT-GAMEZ-SALAS-00023

TRATADO DE EXTRADICIÓN ENTRE

EL GOBIERNO DE LOS ESTADOS UNIDOS DE AMÉRICA

Y

EL GOBIERNO DE LA REPÚBLICA DE CHILE

EXT-GAMEZ-SALAS-00023

## ÍNDICE

Preámbulo

Artículo 1    Obligación de conceder la extradición
Artículo 2    Delitos que dan lugar a la extradición
Artículo 3    Nacionalidad
Artículo 4    Delitos políticos y militares
Artículo 5    Persecución penal previa
Artículo 6    Sanciones
Artículo 7    Prescripción
Artículo 8    Trámites de extradición y documentos requeridos
Artículo 9    Traducción
Artículo 10    Admisibilidad de documentos
Artículo 11    Detención provisional
Artículo 12    Decisión y entrega
Artículo 13    Entrega temporal y diferida
Artículo 14    Solicitudes de extradición presentadas por varios Estados
Artículo 15    Confiscación y entrega de efectos
Artículo 16    Principio de especialidad
Artículo 17    Extradición simplificada y renuncia a los trámites de
extradición
Artículo 18    Tránsito
Artículo 19    Representación jurídica y gastos
Artículo 20    Consultas
Artículo 21    Aplicación
Artículo 22    Ratificación y entrada en vigor
Artículo 23    Denuncia

El Gobierno de los Estados Unidos de América y el Gobierno de la República de Chile, en adelante llamados "las Partes",

Recordando el Tratado de Extradición entre los Estados Unidos de América y la República de Chile, firmado en Santiago el 17 de abril de 1900, que dispone la extradición de los prófugos de la justicia,

Observando que tanto el Gobierno de la República de Chile como el Gobierno de los Estados Unidos de América dan cumplimiento en la actualidad a los términos de ese Tratado, y

Deseando hacer más eficaz la cooperación entre los dos Estados en la lucha contra los delitos y concertar con ese fin un nuevo tratado para la extradición de los delincuentes,

Han convenido en lo siguiente:

### Artículo 1
### Obligación de conceder la extradición

Las Partes se comprometen a extraditar recíprocamente, con arreglo a las disposiciones del presente Tratado, las personas reclamadas por las autoridades del Estado requirente para su persecución penal o para la imposición o el cumplimiento de una pena por haber cometido un delito que da lugar a la extradición.

### Artículo 2
### Delitos que dan lugar a la extradición

1.    Un delito dará lugar a la extradición si es punible conforme a la legislación de los dos Estados con pena de privación de libertad por un plazo máximo mayor de un año o con una pena más severa.

2.    Un delito también dará lugar a la extradición si :

a)    consiste en el intento, conspiración o participación en la comisión de un delito referido en el párrafo 1, cualquiera sea el grado de desarrollo y de participación en el mismo; y

b)    si es punible conforme a la legislación de ambos Estados con pena de privación de libertad por un plazo máximo mayor de un año o con una pena más severa.

3.    A efectos de este Artículo, un delito dará lugar a la extradición:

a)    aunque las legislaciones de los Estados requirente y requerido no tipifiquen en la misma categoría los actos o las omisiones que constituyan el delito ni lo describan en los mismos términos, o

b)    aunque para la tipificación del delito con arreglo a la legislación federal de los Estados Unidos se requiera demostrar ciertos asuntos sólo para establecer la competencia de un tribunal federal de los Estados Unidos,

incluidas, entre otras, el transporte interestatal o el uso del correo o de otros servicios que afectan al comercio interestatal o exterior.

c)    en los casos de delitos por fraude o por evasión de obligaciones con respecto a los impuestos, los derechos de aduana o los controles relativos a la importación o exportación de productos o moneda, aunque las legislaciones de los Estados requirente y requerido no prevean esos mismos tipos de impuestos o derechos ni controles sobre los mismos tipos de productos ni las mismas sumas monetarias.

4.    Con sujeción a las disposiciones de este Tratado, la extradición será concedida cuando el delito por el cual ha sido solicitada se haya cometido en su totalidad o en parte en el territorio del Estado requirente. Si el delito ha sido cometido fuera del territorio del Estado requirente, la extradición será concedida cuando las leyes del Estado requerido dispongan el castigo de un delito cometido fuera de su territorio en circunstancias similares, inclusive cuando tal jurisdicción se autorice mediante un acuerdo internacional multilateral del cual este último es Parte. Cuando la legislación del Estado requerido no disponga lo anterior, éste podrá, a su discreción, conceder la extradición, brindando especial consideración a los efectos o efectos deseados del delito en el Estado requirente.

5.    Cuando la extradición se conceda por un delito especificado en los párrafos 1 ó 2, también se concederá por cualquier otra infracción descrita en la solicitud, aun cuando dicha infracción sea punible con pena máxima de privación de libertad de un año o menos, a condición de que se reúnan los demás requisitos para la extradición.

6.    Cuando la solicitud de extradición se refiera a una persona a la que se reclama para cumplir una condena de reclusión, la autoridad competente del Estado requerido, que en el caso de los Estados Unidos será la Autoridad Ejecutiva, podrá denegar la extradición si, en el momento de la solicitud, restan por cumplir menos de seis meses de la condena.

## Artículo 3
### Nacionalidad

No se denegará la extradición ni la entrega por la razón de que el reclamado es nacional del Estado requerido.

## Artículo 4
### Delitos políticos y militares

1.    No se concederá la extradición si el delito objeto de la solicitud es de carácter político.

2.    A efectos del presente Tratado, los delitos siguientes no se considerarán de carácter político:

a)    El delito con respecto al cual tanto el Estado requirente como el requerido tengan la obligación, con arreglo a un convenio internacional multilateral, de conceder la extradición del reclamado o de presentar el caso a sus

EXT-GAMEZ-SALAS-00027

autoridades competentes para que decidan con respecto a su persecución penal;

b)    El asesinato, el homicidio, la comisión dolosa de heridas, la comisión de daños corporales graves, la agresión con ánimo de causar lesiones físicas graves y las agresiones sexuales graves;

c)    El delito que tenga que ver con el secuestro, la sustracción o cualquier otra forma de detención ilícita, incluida la toma de un rehén;

d)    El delito que tenga que ver con la colocación, el uso, la amenaza de uso o la posesión de un artefacto explosivo, incendiario o destructor, o de un agente biológico, químico o radiológico, cuando ese artefacto o agente sea capaz de poner vidas en peligro, o de causar importantes lesiones corporales o daños materiales; y

e)    La conspiración, participación o el intento de cometer alguno de los delitos anteriores, cualquiera que sea el grado de desarrollo del delito y de participación en el mismo.

3.    No obstante lo dispuesto en el párrafo 2 de este Artículo, no se concederá la extradición si la autoridad competente del Estado requerido, que en el caso de los Estados Unidos será la Autoridad Ejecutiva, decide que el motivo de la solicitud es político.

4.    La Autoridad competente del Estado requerido, que en el caso de los Estados Unidos será la Autoridad Ejecutiva, podrá denegar la extradición por delitos con arreglo al derecho militar que no sean delitos con arreglo al derecho penal común.

### Artículo 5
### Persecución penal previa

1.    Se denegará la extradición cuando el reclamado haya sido condenado o absuelto en el Estado requerido por el delito objeto de la solicitud de extradición.

2.    Sin perjuicio de las normas del Estado requerido en materia de cosa juzgada, no se considerará que una persona haya sido condenada o absuelta cuando las autoridades competentes del Estado requerido:

a)    hayan decidido no perseguir penalmente al reclamado por los actos motivo de la solicitud de extradición;

b)    hayan decidido suspender las diligencias penales incoadas contra el reclamado por la comisión de dichos actos; o

c)    sigan investigando al reclamado o tomando otras medidas para perseguirlo penalmente por los mismos actos que han sido motivo de la solicitud de extradición.

### Artículo 6
### Sanciones

1.    Cuando el delito por el que se solicita la extradición pueda ser castigado con la pena de muerte, según la legislación del Estado requirente y no sea punible con la pena de muerte con arreglo a la legislación del Estado requerido, el Estado requerido podrá conceder la extradición con la condición de que no se imponga la pena de muerte a la persona en cuestión, o, si por motivos de procedimiento el Estado requirente no puede cumplir dicha condición, con la condición de que, de imponerse la pena de muerte, la misma no se ejecutará. Si el Estado requirente acepta la extradición con las condiciones establecidas en el presente Artículo, dicho Estado cumplirá con las condiciones. Si el Estado requirente no acepta las condiciones, se podrá denegar la solicitud de extradición.

2.    Salvo en casos de pena de muerte, la extradición no será denegada, ni se impondrán condiciones, en virtud de que la pena para el delito en cuestión sea más severa en el Estado requirente que en el Estado requerido.

### Artículo 7
### Prescripción

En lo que se refiere a la prescripción y para los efectos de decidir si se concede o deniega la solicitud de extradición, solo se tendrá en cuenta la legislación del Estado requirente. Corresponderá al Estado requirente certificar que, de acuerdo a su legislación, no se encuentran extinguidas ni la acción penal ni la pena correspondientes al delito por el cual se solicita la extradición. Tal certificación será vinculante para el Estado requerido.

### Artículo 8
### Trámites de extradición y documentos requeridos

1.    Todas las solicitudes de extradición se tramitarán a través de la vía diplomática.

2.    Todas las solicitudes de extradición estarán respaldadas por:

a)    los documentos, declaraciones u otra información que describan la identidad, la nacionalidad y el probable paradero del reclamado;

b)    la información descriptiva de los hechos constitutivos del delito y la historia procesal de la causa;

c)    el texto de las disposiciones de las leyes que tipifiquen el o los delitos motivo de la solicitud de extradición e indiquen la pena correspondiente;

d)    la certificación requerida en el Artículo 7; y

e)    los documentos, declaraciones u otras informaciones especificadas en los párrafos 3 ó 4 de este Artículo, según proceda.

3.    Además de los requisitos del párrafo 2 de este Artículo, la solicitud de extradición de una persona reclamada para su persecución penal también estará respaldada por:

a)    una copia del auto u orden de detención que dicte un juez u otra autoridad competente;

b)    un documento que describa los cargos en contra de la persona reclamada; y

c)    la información que otorgue motivos fundados de que el reclamado cometió los delitos por los cuales se solicita la extradición.

4.    Además de los requisitos conforme al párrafo 2 de este Artículo, la solicitud de extradición de una persona reclamada para la imposición o el cumplimiento de una condena, también estará respaldada por:

a)    una copia del fallo condenatorio o, en su defecto, la declaración expedida por una autoridad judicial u otra autoridad competente de que la persona en cuestión ha sido condenada o declarada culpable;

b)    la información que demuestre que el reclamado es la persona que ha sido declarada culpable; y

c)    si la persona ha sido condenada, una copia de la condena impuesta o, en su defecto, una declaración de una autoridad competente en la que se explique qué condena se impuso y en qué medida ésta se ha cumplido.

5.    Cuando el Estado requerido necesite más información para resolver la solicitud de extradición, el Estado requirente podrá proporcionarla en el plazo especificado por el Estado requerido. Si por circunstancias especiales el Estado requirente no pudiere cumplir dentro de ese plazo, podrá solicitar al Estado requerido que éste sea prorrogado.

**Artículo 9**
**Traducción**

Los documentos presentados conforme al presente Tratado por el Estado requirente irán acompañados de su traducción al idioma del Estado requerido, salvo acuerdo en contrario.

**Artículo 10**
**Admisibilidad de documentos**

1.    Los documentos, declaraciones y otra información que acompañen a una solicitud de extradición, se recibirán y admitirán en calidad de pruebas en los trámites de extradición cuando:

a)    lleven el certificado o sello del Departamento de Justicia o del Ministerio o Departamento a cargo de las relaciones exteriores del Estado requirente; o

EXT-GAMEZ-SALAS-00030

b)    estén certificados o autenticados de cualquier otra forma que resulte aceptable según la legislación del Estado requerido.

2.    Los documentos certificados o autenticados con arreglo a este Artículo no necesitarán de mayor certificación o autenticación ni de otra forma de legalización.

### Artículo 11
### Detención provisional

1.    En caso de urgencia, el Estado requirente podrá solicitar la detención provisional del reclamado mientras se presentan la solicitud de extradición y los documentos que la justifiquen.  La solicitud de detención provisional podrá transmitirse  por la vía diplomática o directamente entre el Departamento de Justicia de los Estados Unidos y el Ministerio de Relaciones Exteriores de Chile. Tal solicitud podrá, asimismo, transmitirse a través de cualquier otro medio que puedan acordar las Partes.

2.    En la solicitud de detención provisional deberá constar:

a)    una descripción del reclamado y cualquier otra información· que contribuya a identificarlo;

b)    el paradero del reclamado, si se conoce;

c)    una descripción breve de los hechos del caso, entre ellos, de ser posible, la fecha y el lugar del delito;

d)    una referencia a la ley o leyes infringidas;

e)    información relativa a la orden de detención; y

f)    una declaración de que posteriormente, pero en el plazo estipulado por el presente Tratado, se presentará una solicitud de extradición, junto con los documentos justificantes.

3.    Se notificará sin demora al Estado requirente acerca de la fecha de la detención provisional o de los motivos por los cuales no es posible cumplir la solicitud.

4.    La detención provisional de una persona se podrá dar por terminada si, en un plazo de sesenta días corridos, contados a partir de la fecha de dicha detención con arreglo al presente Tratado, la autoridad ejecutiva del Estado requerido no ha recibido la solicitud de extradición y los documentos justificantes exigidos en el Artículo 8.

5.    La puesta en libertad del reclamado con arreglo al párrafo 4 de este Artículo no impedirá su nueva detención y extradición si la solicitud de extradición y los documentos justificantes se reciben en una fecha posterior.

EXT-GAMEZ-SALAS-00031

## Artículo 12
### Decisión y entrega

1.    El Estado requerido comunicará sin demora al Estado requirente, por la vía diplomática u otro medio adecuado, su decisión relativa a la solicitud de extradición.

2.    Cuando la solicitud se deniegue enteramente o en parte, el Estado requerido explicará las razones en que se haya fundado para denegarla y, previa solicitud, proporcionará copias de las decisiones judiciales pertinentes.

3.    En caso de concederse la solicitud de extradición, las autoridades de los Estados requirente y requerido convendrán en la fecha y el lugar de entrega del reclamado.

4.    El reclamado podrá ser puesto en libertad si no se le retira del territorio del Estado requerido en el plazo de 60 días corridos desde la fecha de la comunicación referida en el párrafo 1 de este Artículo o dentro del plazo que contemplare su legislación interna, si éste fuera mayor. Posteriormente, el Estado requerido, a su criterio, podrá denegar la extradición por el mismo delito.

## Artículo 13
### Entrega temporal y diferida

1.    Cuando los trámites de extradición hayan concluido y la extradición se haya autorizado pero el reclamado esté siendo perseguido penalmente o cumpliendo una condena en el Estado requerido, éste podrá:

a)    postergar la entrega del reclamado hasta que la persecución penal haya concluido o la condena se haya cumplido; o

b)    entregar temporalmente al reclamado al Estado requirente para su persecución penal.

2.    En el caso de la entrega diferida, el reclamado puede ser privado de libertad hasta la entrega.

3.    La persona entregada temporalmente permanecerá bajo custodia en el Estado requirente y se devolverá al Estado requerido después de su procesamiento, conforme a cualesquiera condiciones que se hayan convenido entre las Partes. La devolución de la persona al Estado requerido no necesitará nuevas solicitudes de extradición ni nuevos trámites.

## Artículo 14
### Solicitudes de extradición presentadas por varios Estados

Cuando el Estado requerido reciba solicitudes de extradición del Estado requirente y de cualesquiera otros Estados acerca de una misma persona, ya sea por el mismo delito o por otros, la autoridad competente del Estado requerido, que en el caso de los Estados Unidos será la Autoridad Ejecutiva, decidirá, si procediere, a cuál Estado entregará a dicha persona. Para decidir al respecto, el

EXT-GAMEZSALAS-00032

Estado requerido considerará todos los factores pertinentes, entre ellos los siguientes:

a)    si las solicitudes se han formulado con arreglo a un tratado;

b)    el lugar donde se cometió cada delito;

c)    los intereses respectivos de los Estados requirentes;

d)    la gravedad de los delitos;

e)    la nacionalidad de la víctima;

f)    la posibilidad de que se efectúen extradiciones ulteriores entre los Estados requirentes; y

g)    el orden cronológico en que se recibieron las solicitudes de los Estados requirentes.

### Artículo 15
### Confiscación y entrega de efectos

1.    En la medida en que lo permita su legislación, el Estado requerido podrá confiscar y entregar al Estado requirente todos los efectos relativos al delito por el que se ha solicitado la extradición o que puedan necesitarse en calidad de pruebas en el Estado requirente.  Los efectos mencionados en este Artículo podrán entregarse incluso cuando la extradición no pueda efectuarse a causa de la muerte, desaparición o fuga del reclamado.

2.    El Estado requerido podrá entregar los efectos al Estado requirente con la condición de que éste asegure satisfactoriamente que los mismos le serán devueltos lo más pronto posible.  Asimismo, el Estado requerido podrá diferir la entrega de dichos efectos si se necesitan en el mismo como elementos de prueba.

3.    Se respetarán debidamente los derechos de terceros en dichos efectos, conforme a las leyes del Estado requerido.

### Artículo 16
### Principio de especialidad

1.    La persona extraditada conforme al presente Tratado sólo podrá ser detenida, juzgada o sancionada en el Estado requirente por:

a)    cualquier delito por el cual se haya concedido la extradición o por un delito de diferente tipificación, siempre que esté constituido por los mismos hechos, que acarree una pena igual o menor y que también dé lugar a extradición o constituya un delito menor incluido;

b)    cualquier delito cometido después de la extradición de la persona; o

c)    cualquier delito por el cual la autoridad competente del Estado requerido, que en el caso de los Estados Unidos será la Autoridad Ejecutiva, consienta en la detención, juicio o sanción de esa persona. A efectos del presente inciso:

EXT-GAMEZ-SALAS-00033

i)    el Estado requerido podrá exigir la presentación de los documentos especificados en el Artículo 8; y

ii)    la persona extraditada podrá ser detenida por el Estado requirente durante un período de 90 días, o por más tiempo si lo autoriza el Estado requerido, mientras se tramita la solicitud.

2.    Sin el consentimiento del Estado requerido, la persona extraditada conforme al presente Tratado no podrá someterse a una extradición o entrega posterior por cualquier delito cometido antes de la extradición.

3.    Los párrafos 1 y 2 de este Artículo no impedirán la detención, el juicio o la sanción de una persona extraditada, ni su extradición o entrega posterior, cuando dicha persona:

a)    abandone el territorio del Estado requirente después de su extradición y regrese al mismo voluntariamente; o

b)    no abandone el territorio del Estado requirente en el plazo de 30 días contados a partir de la fecha en que quedó en libertad de hacerlo.

### Artículo 17
### Extradición simplificada y renuncia a los trámites de extradición

El Estado requerido podrá agilizar el traslado del reclamado al Estado requirente:

a)    cuando el reclamado consienta a la extradición o a un trámite simplificado de extradición; o

b)    cuando el reclamado renuncie ante una autoridad judicial al procedimiento de extradición, plenamente informado de sus derechos, dicha autoridad podrá ordenar el traslado de la persona al Estado requirente sin mayor trámite. En este caso, las disposiciones del Artículo 16 no tendrán aplicación.

### Artículo 18
### Tránsito

1.    Cualquiera de las Partes podrá autorizar el tránsito de una persona extraditada o transferida de otra forma, a través de su territorio, a la otra Parte, por un tercer Estado, o de la otra Parte a un tercer Estado, para su persecución penal o la imposición de una condena o el cumplimiento de ésta. La solicitud de tránsito podrá tramitarse mediante los servicios de la Organización Internacional de Policía Criminal (Interpol) o directamente entre el Departamento de Justicia de los Estados Unidos y el Ministerio de Relaciones Exteriores de Chile. En esa solicitud de tránsito se describirá a la persona transportada y se expondrán concisamente los hechos del caso. La persona en tránsito podrá permanecer en custodia mientras dure el tránsito.

2.    La autorización no será necesaria cuando una de las Partes use la vía aérea y no se prevea el aterrizaje en el territorio de la otra Parte. En caso de un

aterrizaje imprevisto, la Parte en cuyo territorio ocurra podrá exigir la presentación de una solicitud de tránsito conforme al párrafo 1 y podrá mantener en custodia a la persona transportada hasta que se reciba la solicitud de tránsito y éste concluya, siempre que la solicitud se reciba en el plazo de 96 horas a partir del aterrizaje imprevisto.

### Artículo 19
### Representación jurídica y gastos

1. El Estado requerido asesorará y asistirá al Estado requirente y comparecerá ante los tribunales en nombre de éste, y representará sus intereses en cualesquiera trámites derivados de la solicitud de extradición.

2. El Estado requirente sufragará todos los gastos relacionados con la traducción de los documentos de extradición y los del transporte a su territorio de la persona entregada. El Estado requerido sufragará los demás gastos contraídos en ese Estado en relación con los trámites de extradición.

3. Ninguna de las Partes presentará reclamaciones pecuniarias contra la otra Parte por la detención, privación de libertad, los interrogatorios o la entrega de personas conforme al presente Tratado.

### Artículo 20
### Consultas

El Departamento de Justicia de los Estados Unidos y el Ministerio Público de Chile podrán consultarse entre sí, directamente, acerca de casos específicos y para contribuir a la aplicación eficaz del presente Tratado.

### Artículo 21
### Aplicación

El presente Tratado se aplicará únicamente a los delitos que se hayan cometido después de su entrada en vigor.

### Artículo 22
### Ratificación y entrada en vigor

1. El presente Tratado estará sujeto a ratificación. Los instrumentos de ratificación se intercambiarán lo antes posible.

2. El presente Tratado entrará en vigor tras el intercambio de los instrumentos de ratificación.

3. Una vez que haya entrado en vigor, este Tratado reemplazará el Tratado entre los Estados Unidos de América y la República de Chile que estipula la extradición de prófugos de la justicia, firmado en Santiago el 17 de abril de 1900 ("el Tratado anterior"), con respecto a todas las solicitudes relativas a los delitos cometidos en la fecha de la entrada en vigor de este Tratado y con posterioridad a ella. El Tratado anterior se aplicará a todas las solicitudes relativas a delitos cometidos con anterioridad a la entrada en vigor de este Tratado.

EXT-GAMEZ-SALAS-00035

## Artículo 23
### Denuncia

Cualquiera de las Partes podrá denunciar el presente Tratado en cualquier momento, mediante notificación por escrito a la otra Parte por la vía diplomática. La denuncia surtirá efecto seis meses después de la fecha de dicha notificación. No obstante lo anterior, las solicitudes de extradición presentadas al Estado requerido antes que la denuncia surta sus efectos, continuarán rigiéndose por las disposiciones del presente Tratado, hasta de la decisión final de la solicitude de extradición.

EN FE DE LO CUAL, los infrascritos, debidamente autorizados por sus Gobiernos respectivos, han suscrito el presente Tratado.

HECHO en Washington por duplicado, el 5 a de Junio de 2013, en los idiomas inglés y español, siendo ambos textos igualmente auténticos.

POR EL GOBIERNO DE
LOS ESTADOS UNIDOS DE AMÉRICA:

POR EL GOBIERNO DE
LA REPÚBLICA DE CHILE:

EXT-GAMEZ SALAS-00036



**MINISTERIO DE RELACIONES EXTERIORES**
**EMBAJADA DE CHILE EN ESTADOS UNIDOS**

*NON OFFICIAL TRANSLATION*

Note N°  **0 4 9**

The Embassy of Chile presents its compliments to the Department of State of the United States of America –Office of the Legal Adviser for Law Enforcement and Intelligence– and has the honor to transmit the request for the extradition of the Venezuelan citizen ADRIÁN RAFAEL GAMEZ FINOL, also known as RAFAEL ENRIQUE GAMEZ SALAS (Venezuelan ID No. V-19,290,821), alias "El Turko."

The extradition request was ordered in Case No. 373-2025 of the Court of Appeals of San Miguel regarding active extradition proceedings, at the request of the 11th Guarantee Court of Santiago, in Case RUC No. 2401355710-8, for the offenses of criminal association, extortion, unlawful discharge of a firearm, kidnapping with homicide, extortive kidnapping, and extortion.

In support of this request, Official Letter No. 300-2025 of the Court of Appeals of San Miguel, dated February 13, 2025, duly apostilled and translated into English, is enclosed, together with relevant information of the case.

The Embassy of Chile respectfully requests the competent authorities to process this active extradition request, in accordance with the "Extradition Treaty between the Government of the Republic of Chile and the Government of the United States of America," signed in Washington on June 5, 2013.

The Embassy of Chile avails itself of this opportunity to renew to the Department of State of the United States of America –Office of the Legal Adviser for Law Enforcement and Intelligence– the assurances of its highest and most distinguished consideration.

Washington, D.C., May 04, 2026

To the Honorable
Department of State of the United States of America
Office of the Legal Adviser for Law Enforcement and Intelligence
Washington, D.C.

EXT-GAMEZ SALAS-00037



**MINISTERIO DE RELACIONES EXTERIORES**
**EMBAJADA DE CHILE EN ESTADOS UNIDOS**

Nota N°    049

La Embajada de Chile saluda atentamente al Departamento de Estado de los Estados Unidos de América –Oficina del Asesor Jurídico para la aplicación de la Ley e Inteligencia- y tiene el honor de hacer llegar la solicitud de extradición del ciudadano venezolano ADRIÁN RAFAEL GAMEZ FINOL, también conocido como RAFAEL ENRIQUE GAMEZ SALAS (DNI venezolano número V-19.290.821), alias "El Turko".

La solicitud de extradición fue dispuesta en los autos Rol N°373-2025 de la Corte de Apelaciones de San Miguel sobre extradición activa, a requerimiento del 11° Juzgado de Garantía de Santiago en la Causa RUC 2401355710-8, por los delitos de asociación criminal, extorsión, disparos injustificados, secuestro con homicidio, secuestro extorsivo, y extorsión.

Como fundamento de esta solicitud, se acompaña el oficio N°300-2025 de la Corte de Apelaciones de San Miguel, de fecha 13 de febrero de 2025, debidamente apostillado y traducido al inglés, junto a los antecedentes del caso.

La Embajada de Chile solicita a las autoridades competentes la tramitación de esta solicitud de extradición activa, en conformidad con el *"Tratado de Extradición entre el Gobierno de la República de Chile y el Gobierno de los Estados Unidos de América"* suscrito en Washington el 5 de junio de 2013.

La Embajada de Chile se vale de esta oportunidad para reiterar al Departamento de Estado de los Estados Unidos de América –Oficina del Asesor Jurídico para la aplicación de la Ley e Inteligencia- las seguridades de su más alta y distinguida consideración.

Washington, D.C., 04 de mayo de 2026

A la Honorable
Departamento de Estado de los Estados Unidos de América
Oficina del Asesor Jurídico para la aplicación de la Ley e Inteligencia
Washington, D.C.